## TUCKER *v.* TUCKER *et al.*

(*Supreme Court, General Term, Fifth Department.*  March, 1892.)

NONSUIT—ISSUES SUBMITTED TO JURY.

> Issue was joined by a denial of all plaintiff's allegations, whereupon the special term made an order reciting that the action was for partition, and that issues of fact as to the title to real property were raised by the pleadings, and directed that the cause be placed on the calendar of the circuit court for trial, "and that upon trial the issues proper to be submitted to a jury be so submitted under the direction of the court as to form and substance." *Held,* there being no evidence in support of plaintiff's case when it came on for trial, that a nonsuit was properly entered, notwithstanding such order.

Appeal from circuit court, Niagara county.

Action by Lyman H. Tucker against Sarah A. Tucker and others. From a judgment dismissing the complaint entered on a nonsuit, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*D. M. Silver,* for appellant.   *E. M. Ashley,* for respondents.

DWIGHT, P. J.   The action was for the partition of lands in Niagara county, of which the plaintiff claimed an estate in fee in an undivided one third, as heir at law of his deceased mother, in common with his two sisters, who were made defendants in the action.   This claim was made notwithstanding the conveyance by the mother, in her lifetime, of the entire estate to her two daughters mentioned, and the devise by her will, which had been duly admitted to probate, of all her property to the same persons, after the payment of debts and funeral expenses; and the burden of the plaintiff's complaint consisted of allegations that such conveyance and devise were obtained by means of undue influence exerted by his sisters upon their mother, and were therefore void.   Issue having been joined in the action by a denial of all the allegations of the character mentioned, a motion was made by the plaintiff at special term for the settlement of the issues therein to be tried by a jury, and the court made an order reciting that the action was in partition, and that issues of fact as to the title of real property were raised by the pleadings, and directing that the cause be placed on the calendar of the circuit court for trial, "and that upon the trial the issues proper to be submitted to a jury be so submitted under the direction of the court as to form and substance."   Accordingly the cause was brought on for trial at the circuit, before a jury, without any specification by the court of the issues to be tried, and after hearing the evidence on the part of the plaintiff the court directed a nonsuit, and judgment was entered thereupon dismissing the plaintiff's complaint.

Counsel for the appellant here assume that issues of fact had been settled by the court and ordered to be tried by a jury, and are thereupon inclined to argue that the court at the circuit was bound to take a verdict of the jury, and that the direction of a nonsuit constituted a mistrial.   Both the assumption and the argument are fallacious.   There was no settlement or specification of the issues to be tried.   The practice was entirely correct.   The action was by statute triable by jury, and upon the issues as framed by the pleadings.   Code Civil Proc. § 1544.   By the order at special term the court declined to specify the issues to be tried, and only directed that the issues proper to be submitted to the jury should be so submitted.   If there proved to be no evidence in support of the allegations of the plaintiff, there were no issues proper to be submitted to the jury, and in that case the direction of a nonsuit was properly made; and such was very clearly this case.   The record presents no evidence of any influence exercised by the sisters to induce their mother to make either the deed or the will, and it would have been error to deny the motion for a nonsuit.   There was evidence tending to show that

the son, "by his habits and conduct, had forfeited, in large measure, the affections of both his mother and his sisters, and that his mother had, long before the making of the deed and will, resolved that he should have no portion of her property," but there is no evidence that she was instigated to that resolution by any influence or persuasion of her daughters. The proposition that the case is brought within any rule which shifts the burden of proof, or was one in which undue influence will be presumed, is wholly untenable. It is only in cases where the relation between the parties is one of dependence on the one hand and control on the other that any such presumption will arise. Merely confidential and affectionate relations have no such effect. The case was properly disposed of, and the judgment must be affirmed.

Judgment appealed from affirmed, with costs. All concur.